**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 19-cv-02539-RM-STV

ANDRE WILLIAMS,

     Plaintiff,

v.

CITY OF AURORA, COLORADO,
MATTHEW MILLIGAN,
DOMINIC MARZIANO,
GARY RIVALE,
JOE MARTINEZ, and
EDWARD CLEMENTS,

     Defendants.

---

## ORDER

---

     This matter is before the Court on the April 25, 2020, recommendation of United States Magistrate Judge Scott T. Varholak (ECF No. 45) to (1) deny Defendants Aurora Police Officers Matthew Milligan, Dominic Marziano, Gary Rivale, Joe Martinez, and Edward Clements' (collectively, "Individual Defendants") motion to dismiss (ECF No. 23) and (2) grant in part and deny in part Defendant City of Aurora, Colorado's ("City") motion to dismiss (ECF No. 25). The Individual Defendants have filed an objection to the magistrate judge's recommendation (ECF No. 46). Plaintiff also has filed an objection to the recommendation (ECF No. 47). The Individual Defendants and Plaintiff have filed responses to the respective parties' objections (ECF Nos. 48, 49). And the Individual Defendants have filed a reply (ECF No. 50). For the reasons stated below, the Court overrules the Individual Defendants' objection and Plaintiff's objection and accepts and adopts the recommendation, which is incorporated herein by reference.

*See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

## I.    LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the

magistrate judge's recommendation that is properly objected to.  An objection is proper only if it

is sufficiently specific "to focus the district court's attention on the factual and legal issues that

are truly in dispute."  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir.

1996).  "In the absence of a timely objection, the district court may review a magistrate's report

under any standard it deems appropriate."  *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th

Cir. 1991).

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as

true all well-pleaded factual allegations in the complaint, view those allegations in the light most

favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.  *Brokers'*

*Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*,

613 F.3d 995, 1000 (10th Cir. 2010).  The complaint must allege a "plausible" right to relief.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual

allegations must be enough to raise a right to relief above the speculative level.").  Conclusory

allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and

courts "are not bound to accept as true a legal conclusion couched as a factual allegation,"

*Twombly*, 550 U.S. at 555 (quotation omitted).

## II.   BACKGROUND

This matter stems from alleged police brutality.  Based on Plaintiff's allegations the

following occurred.

On September 6, 2018, Plaintiff was cited for his role in an automobile accident.

Sometime after the accident, a tow truck arrived to remove the damaged vehicles.  Plaintiff climbed up onto the truck's bed and began acting odd.  Unable to coax Plaintiff down, the tow truck driver called the police for assistance.  At the outset, responding officers were equally unsuccessful, repeatedly asking Plaintiff to get off the truck bed.  Eventually, Plaintiff slowly, with his arms raised, came down from the truck.  Immediately after doing so, an officer grabbed Plaintiff's arm.  Plaintiff instinctively pulled it away causing the officer to tackle him to the ground.  Four other officers then joined in the ruckus.

The five officers swiftly pinned Plaintiff to the ground and proceeded to punch him in the head multiple times.  Suddenly, Plaintiff tensed up and began methodically repeating the word "stop."  Officers asked Plaintiff to relax.  But because Plaintiff was having a seizure, he was unable to comply with their request.  The officers then kneed Plaintiff in the back and stunned him with a taser.  Plaintiff was tasered a second time after the officers had secured both of his arms behind his back.  Plaintiff's injuries required hospitalization, and he was cited for two misdemeanor offenses: (1) resisting arrest and (2) obstructing a peace officer.  Plaintiff's lawsuit followed.

The complaint asserts an excessive force claim against the Individual Defendants and two claims against the City, the first for failure to train and the second for a pattern and practice of excessive force.  The Individual Defendants and the City filed motions to dismiss, which were referred to the magistrate judge for recommendation.  The magistrate judge recommended to deny the Individual Defendants' motion and grant in part and deny in part the City's motion.

The parties' objections followed.  The Individual Defendants objected to the magistrate judge's recommendation to deny their motion to dismiss, and Plaintiff objected to the recommendation that the City's motion be granted in part with regard to claim two.  The City

does not object to the recommendation that its motion be denied without prejudice.

## III.   ANALYSIS

With respect to the findings and conclusions of the magistrate judge's recommendation to which no party objected, the Court finds the magistrate judge's analysis was thorough and sound and discerns no material errors on the face of the record.[1]  Thus, the Court accepts the recommendation to dismiss claim three without prejudice.

The Court will first address the Individual Defendants' objections before turning to Plaintiff's objection to the recommendation.

### A.   Individual Defendants' Objections

The magistrate judge recommended denying the Individual Defendants' motion which argued the excessive force claim was barred by qualified immunity.  The Individual Defendants object to the magistrate judge's recommendation on the grounds that it: (1) failed to consider all facts as pled in the complaint; (2) misconstrued the objective reasonableness standard used to evaluate excessive force claims; and (3) erroneously found the clearly established law prong of the excessive force analysis was met.  The Court examines these objections in turn.

In resolving a claim for qualified immunity, the Court must consider (1) whether the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) whether the right was "clearly established" at the time of the defendant's unlawful conduct.  *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

*First Objection*.  Courts evaluate excessive force claims under an objective reasonableness standard, judged from the perspective of a reasonable officer on the scene.  *Perea v. Baca*, 817 F.3d 1198, 1202 (10th Cir. 2016).  In determining whether an officer's actions were

---

[1] Plaintiff does not object to the recommendation that claim three, a pattern and practice of excessive force against the City, be dismissed.

objectively reasonable, the Court carefully considers "the totality of the circumstances, 'including [1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Perea*, 817 F.3d at 1202 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Here, the magistrate judge's recommendation found the first and second *Graham* factors weighed in favor of Plaintiff and the third factor slightly weighed in favor of the Individual Defendants.

Turning to the Individual Defendants' first objection, whether the magistrate judge failed to consider all facts alleged in the complaint when discussing the *Graham* factors, the Court has reviewed the allegations and finds no basis for sustaining the objection.

The first *Graham* factor, the severity of the crime at issue, weighs in Plaintiff's favor. Plaintiff was cited for two nonviolent misdemeanors. These charges stem from Plaintiff pulling his arm away from a police officer and for being non-responsive when instructed multiple times to get down from the tow truck. Traditionally, non-violent misdemeanors register low on the severity scale and weigh in favor of the plaintiff bringing an excessive force claim. *See*, *e.g.*, *Long v. Fulmer*, 545 F. App'x 757, 760 (10th Cir. 2013) (affirming district court's finding that the first *Graham* factor slightly favored plaintiff where plaintiff was being arrested for a non-violent misdemeanor).

The magistrate judge's recommendation found the allegations showed Plaintiff was not actively resisting arrest or reacting violently toward the Individual Defendants when he pulled his arm away from the arresting officer. In their objection, the Individual Defendants claim that the act of pulling your arm away from a police officer constitutes active resistance, raising the level of severity. Yet, they provide no case law to support their position. Further, nothing in the

complaint indicates Plaintiff was acting aggressively toward the officers, or that his knee-jerk reaction to being grabbed constitutes a dangerous crime.  At this stage, factual allegations are to be viewed in a light most favorable to Plaintiff and all inferences drawn in his favor.  Thus, the Court agrees with the recommendation and finds the first factor weighs in favor of Plaintiff.

The second factor, whether the suspect poses an immediate threat to the safety of officers or others, also weighs in Plaintiff's favor.  Contrary to the Individual Defendants' claim that by being non-responsive and pulling his arm away, Plaintiff posed a significant threat to the officers' safety, the facts alleged in the complaint show Plaintiff descended from the truck bed slowly, with his hands raised, and was unarmed when subdued by five officers.  Plaintiff was then repeatedly punched in the head before being restrained and tasered twice.  Pulling his arm away from an officer and tensing up while suffering a seizure do not indicate that Plaintiff posed a significant threat to the Individual Defendants' (or, anyone else's) safety.  Thus, the Court agrees with the recommendation and finds the second factor weighs in Plaintiff's favor.

The third factor, whether the suspect was actively resisting arrest or attempting to evade arrest by flight, weighs, at best, slightly in favor of the Individual Defendants.  The magistrate judge's recommendation determined that this factor slightly weighs in favor of the Individual Defendants.  The Individual Defendants agree that this factor favors the use of force but argue that it heavily supports their actions.  While factual allegations indicate Plaintiff pulled his arm away and did not immediately comply with requests to dismount the truck bed, those actions are more passive resistance than active.  Moreover, there is nothing in the complaint to indicate Plaintiff attempted to run or flee the scene.  The Individual Defendants are unable to show the Court how Plaintiff's conduct constitutes active resistance, and the Court finds no reason why this factor should weigh more heavily in their favor.  Thus, the Court agrees with the

recommendation and finds the third factor slightly weighs in favor of the Individual Defendants. *See Emmett v. Armstrong*, 973 F.3d 1127, 1136 (10th Cir. 2020) (finding that a suspect was not actively resisting arrest where after being tackled, the "[suspect] did not readily comply with [the officer's] order to roll over").  After considering the totality of circumstances in a light most favorable to Plaintiff, Plaintiff has sufficiently pled a claim for use of excessive force. Accordingly, the Individual Defendants' first objection is overruled.

*Second Objection*.  Turning next to the Individual Defendants' second objection, that their conduct was warranted under the objective reasonableness standard, the Court finds no basis for sustaining the objection.  The reasonableness of a particular use of force is judged from the perspective of a reasonable officer on the scene; the question is whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting him. *Cortez v. McCauley*, 478 F.3d 1108, 1125 (10th Cir. 2007).

To the extent that the Individual Defendants argue that their use of force was reasonable based on the circumstances surrounding their encounter with Plaintiff, the Court finds, drawing all inferences in Plaintiff's favor, that the use of a teaser to stun Plaintiff after he was fully restrained to be unreasonable.  Here, as the magistrate judge discusses, the events occurred in broad daylight, there were five officers present at the scene, and Plaintiff was unarmed.  After Plaintiff slowly climbed down from the truck with his hands raised, officers tackled him and repeatedly punched him in the head before tasing him twice.  This response is disproportionally excessive considering Plaintiff's conduct.  Thus, viewing the facts in a light most favorable to Plaintiff, he has plausibly alleged the Individual Defendants' use of force was unreasonable.  *See Emmett*, 973 F.3d at 1138 (explaining that the use of a taser was unreasonable where the suspect fled the scene after being stopped for a nonviolent misdemeanor before being tackled and "was

7

lying on his back, not actively resisting," when tased).  Accordingly, this objection is overruled.

*Third objection*.  Turning to the Individual Defendants' final objection to the recommendation, that the law was not clearly established at the time of the alleged violation, the Court finds no basis for sustaining the objection.  It is well-established in this Circuit "that a suspect's initial resistance does not justify the continuation of force once the resistance ceases." *McCoy v. Meyers*, 887 F.3d 1034, 1051 (10th Cir. 2018).  Courts in this Circuit have held that a peace officer "could not use his Taser on a nonviolent misdemeanant who did not pose a threat and was not resisting or evading arrest without first giving a warning."  *Cavanaugh v. Woods Cross City*, 625 F.3d 661, 667 (10th Cir. 2010).  These cases demonstrate that the law was clearly established at the time of this incident.

The Individual Defendants seize on the allegation that Plaintiff pulled his arm away from the officer to show that he was actively resisting arrest, warranting the use of a taser.  However, the use of force at issue here occurred without any warning and after Plaintiff had ceased resisting the officers' commands.  The law has been clearly established that the use of a taser on a suspect who has ceased resisting arrest and did not receive adequate warning is unreasonable. *Emmett*, 973 F.3d at 1137-38 (explaining that a suspect's "right to not be tased without sufficient warning" after ceasing resisting arrest had been "clearly established" in October 2013).  Thus, this objection is overruled.

Based on facts alleged in the complaint, Plaintiff has plausibly stated a claim for use of excessive force against the Individual Defendants.

### B.    Plaintiff's Objection

Plaintiff objects to the magistrate judge's recommendation to dismiss his municipal liability claim against the City for failure to provide seizure-related training (claim two).  To

establish municipal liability, a plaintiff must demonstrate a "municipal policy or custom," which may take the form of the failure to adequately train or supervise employees, so long as that failure results from "deliberate indifference" to the injuries that may be caused. *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010) (quotation omitted). "The deliberate indifference standard may be satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm." *Waller v. City & Cty. of Denver*, 932 F.3d 1277, 1284 (10th Cir. 2019) (quotation omitted). Where a claim is based on failure to train, "[a] municipality's culpability for a deprivation of rights is at its most tenuous." *Waller*, 932 F.3d at 1285 (citing *Connick v. Thompson*, 563 U.S. 51, 61 (2011)).

Claim two alleges that the City is liable for its failure to provide seizure-related training to police officers as required by a settlement agreement reached in a prior case (the "*Burrell* action") also involving the City of Aurora, Colorado. Plaintiff further alleges that the City's decision to discontinue training stipulated in the *Burrell* action constitutes deliberate indifference to Plaintiff and others similarly situated with seizure disorders.

Contrary to Plaintiff's objection, the complaint lacks allegations showing that the City's training program caused incidents involving a constitutional rights violation, or that the City should have been substantially certain a constitutional violation would occur. Plaintiff points to one prior incident, the *Burrell* action, which involved police officers failing to recognize a suspect's seizure symptoms to show the City is indifferent to protecting constitutional rights. This one prior incident is insufficient to establish a "pattern of similar constitutional violations by untrained employees . . . for purposes of failure to train." *Connick*, 563 U.S. at 62 (quotation omitted). Plaintiff's attempt to demonstrate that the City was deliberately indifferent to a

constitutional rights violation becomes even more tenuous where facts alleged show the Individual Defendants successfully completed the program.  Moreover, there are no allegations that since the program was discontinued, violations of constitutional rights have occurred relating to suspects experiencing seizures.  Thus, Plaintiff has failed to allege facts which support a municipal violation for failure to train.  Accordingly, Plaintiff's objection is overruled.

## IV.   CONCLUSION

Based on the forgoing, the Court **ORDERS** as follows:

1.  The Individual Defendants' objection (ECF No. 46) is OVERRULED;

2.  Plaintiff's objection (ECF No. 47) is OVERRULED;

3.  The magistrate judge's recommendation (ECF No. 45) is ACCEPTED and ADOPTED;

4.  The Individual Defendants' motion to dismiss (ECF No. 23) is DENIED;

5.  The City's motion to dismiss (ECF No. 25) is GRANTED IN PART and DENIED IN PART; and

6.  Plaintiff's claims Two and Three as pled in his amended complaint against the City are DISMISSED WITHOUT PREJUDICE and there are no remaining claims against the City.

DATED this 16th day of March, 2021.

BY THE COURT:

_____

RAYMOND P. MOORE
United States District Judge
